UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA,<br><br>      Plaintiff,<br><br>      v.<br><br>CONNIE LAWSON, in her official capacity as Secretary of State of Indiana, J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division, and ANGELA M. NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division,<br><br>      Defendants. | Case No. 1:17-cv-3936-TWP-MPB |

**MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY**

    **COMES NOW** Plaintiff, by undersigned counsel, and requests leave to submit as supplemental authority the case of *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009). This case is relevant to the Motion to Intervene as Defendant filed by the Public Interest Legal Foundation ("PILF") (ECF No. 11), which is fully briefed and pending before this Court. In support of this Motion, the plaintiff notes as follows:

1. In opposing PILF's intervention request, the plaintiff argued, *inter alia*, that in this circuit a proposed intervenor, "whether intervening as of right or by permission," must demonstrate Article III standing to intervene. (ECF No. 35 at 2). The only case cited by the plaintiff that concerned a request for permissive intervention pursuant to Federal Rule 24(b) was *Flying J, Inc. v. Van Hollen*, 578 F.3d 569 (7th Cir. 2009). In that case, the Seventh Circuit held unequivocally that, when seeking permissive intervention, "[l]ike anyone who wants to maintain an action in federal court, the [intervenor] has to have standing in the Article III sense—but it does." *Id.* at 573.

2. After completing briefing on PILF's intervention request, the Seventh Circuit's decision in *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009)—which was decided a few months after *Flying J*—came to the attention of counsel for the plaintiff. While recognizing that *Flying J* had stated "without discussion that a permissive intervenor must establish Article III standing," the *Bond* court nevertheless found it "an 'open question in this circuit . . . whether Article III standing is required for permissive intervention under Rule 24(b).'" *Id.* at 1069-70 (selected citations omitted) (omission in original). The Seventh Circuit then proceeded to hold that "when a third party seeks intervention under Rule 24(b) for the purpose of challenging a protective order in a case or controversy that is no longer live . . . the intervenor must meet the standing requirements of Article III in addition to Rule 24(b)'s requirements for permissive intervention." *Id.* at 1072 (emphasis added).

3. In its reply brief supporting its intervention request (ECF No. 39), PILF did not cite or apply *Bond*.

4. Not only did *Bond* not overrule *Flying J*'s general standing holding, but it could not have done so. *See* 7th Cir. R. 40(e) (requiring any proposed panel opinion "which would overrule a prior decision of this court" to first be circulated for potential *en banc* review). Nonetheless, the plaintiff wishes to bring the case to the Court's attention. Counsel apologizes for the inadvertent failure to discover the case until after the completion of briefing.

**WHEREFORE,** the plaintiff respectfully requests leave to submit as supplemental authority the case of *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009), and requests all proper relief.

*s/ Gavin M. Rose*
Gavin M. Rose
No. 26565-53
s*/ Jan P. Mensz*
No. 33798-49
Jan P. Mensz
ACLU of Indiana
1031 E. Washington St
Indianapolis, IN 46202
317/635-4059
fax:  317/635-4105
grose@aclu-in.org
jmensz@aclu-in.org

Sophia Lin Lakin
Dale Ho
Admitted *Pro Hac Vice*
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
212/519-7836
slakin@aclu.org
dho@aclu.org

Stuart C. Naifeh
Motion to Appear *Pro Hac Vice* to be Filed
Demos
80 Broad St, 4th Floor
New York, NY 10004
212/485-6055
snaifeh@demos.org

Matthew Jedreski
Christiane Roussell
Admitted *Pro Hac Vice*
Davis Wright Tremaine LLP
1200 Third Ave, 22nd Floor
Seattle, WA 98101
206/622-3150
mjedreski@dwt.com
christianeroussell@dwt.com

*Attorneys for the plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of December, 2017, a true and accurate copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's filing system. Parties may access this filing through the Court's system.

*/s/ Gavin M. Rose*_____
Gavin M. Rose
Attorney at Law