UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA,<br><br>    Plaintiff<br><br>v.<br><br>CONNIE LAWSON, in her official capacity as Secretary of State of Indiana, J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division, and ANGELA M. NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division,<br><br>    Defendants | Case Number 1:17-cv-3936 |

**PROPOSED DEFENDANT-INTERVEVOR THE PUBLIC INTEREST LEGAL FOUNDATION'S SUPPLEMENTAL AUTHORITY**

In accordance with the Court's December 19, 2017 Order, the Public Interest Legal Foundation (the "Foundation"), by and through undersigned counsel, respectfully submits the following supplemental authority in support of its motion for leave to intervene in this case and in response to the issues raised by the Plaintiff's supplemental authority filed on December 17, 2017.

The circuit cases presented by the Plaintiff as authority on the determination of the Foundation's motion for intervention are inapposite and not dispositive of the motion. Through *Flying J, Inc. v. Van Hollen*, 578 F.3d 569 (7th Cir. 2009) and *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009), Plaintiff attempts to hold the Foundation to an inapplicable standard for intervening as a defendant in this case.

1

Both of those cases involved unique circumstances not present here. In *Bond*, the case had been dismissed with prejudice already. *Id.* at 1068. Therefore, the issue was whether a permissive intervenor must establish standing when a case has already been dismissed. In that situation the answer is yes, because otherwise there would be no existing case or controversy because the existing parties had settled. *Id.* at 1071. Nothing analogous to these circumstances is present in the instant case.

In *Flying J*, again, the case would have been concluded but for the proposed intervenor. The proposed intervenor there was seeking intervention in order to pursue an appeal when the existing defendant had decided not to appeal. *Flying J*, 578 F.3d at 572. In that circumstance, like in *Bond*, the intervenor had to establish separate standing because but for the intervention there would no longer be a case or controversy. Again, nothing analogous to these circumstances is present in the instant case.

In both of those cases, because the case would not continue to exist without the intervenors, they had to establish that their interest was such that it could support an independent action. But that is not the case here.

More apropos are the cases of *Solid Waste Agency v. United States Army Corps of Eng'rs*, 101 F.3d 503 (7th Cir. 1996) and *Habitat Educ. Ctr., Inc. v. Bosworth*, 221 F.R.D. 488 (E.D. Wis. 2004). Those cases explain how the standing requirement that the Seventh Circuit has recognized in the intervention context does not require that the proposed intervenor show that he could bring a separate, independent action. Indeed, such a requirement, conflicts with the very essence and purpose of intervention, unless the case would be disposed of but for the intervention, as was the case in *Bond* and *Flying J*. As Judge Posner observed in *Solid Waste Agency*, "But is 'interest' in Rule 24(a)(2) identical to the interest that is required to confer

standing? It could be less, since by assumption there are parties with standing already in the case. Or it could be more, or different." *Solid Waste Agency*, 101 F.3d at 506. The court went on to remark that, "The strongest case for intervention is not where the aspirant for intervention could file an independent suit, but where the intervenor-aspirant has no claim against the defendant yet a legally protected interest that could be impaired by the suit." *Id.* at 507. Such is the case here. Because the Foundation is intervening as a defendant, it is irrelevant whether it has independent standing to bring suit against Plaintiff or Defendant. Defendants do not bring lawsuits. What matters is that it has a legally protectable interest in the outcome of the suit. And the Foundation has demonstrated that through its educational, research, and litigation activities in Indiana and throughout the country. The district court in *Habitat Educ.* further expounded, "If, at the outset, a federal court has correctly determined that it has an actual 'case' or 'controversy' before it, the purpose of Article III is not frustrated by allowing intervenors to subsequently participate in the proceedings." *Habitat Educ.*, 221 F.R.D. at 493. Indeed, "adding an Article III standing requirement to the interest requirement of Rule 24(a)(2) is conceptually problematic particularly where, as here, a party seeks to intervene as a defendant." *Id*. Here, there is unquestionably a live case or controversy between the parties and, the Foundation seeks to intervene as a defendant. The Foundation therefore does not need to establish an independent case or controversy.

Dated: December 22, 2017

<u>/s/ Joseph A. Vanderhulst</u>
Kaylan L. Phillips
Joseph A. Vanderhulst
Public Interest Legal Foundation
32 E. Washington Street, Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
kphillips@publicinterestlegal.org
jvanderhulst@publicinterestlegal.org

J. Christian Adams (*pro hac vice* application forthcoming)
Public Interest Legal Foundation
300 N. Washington Street, Ste. 405
Alexandria, VA 22314
(317) 203-5599
adams@publicinterestlegal.org

*Counsel for Proposed Defendant-Intervenor Public Interest Legal Foundation*

## CERTIFICATE OF SERVICE

I certify that on December 22, 2017, I caused the foregoing to be filed with the United States District Court for the District of Indiana via the Court's CM/ECF system, which will serve all registered users.

    /s/ Joseph A. Vanderhulst
Joseph A. Vanderhulst