UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-03936-TWP-MPB |
| ) | |
| CONNIE LAWSON, in her official capacity as ) | |
| Secretary of State of Indiana, J. BRADLEY ) | |
| KING, in his official capacity as Co-Director of ) | |
| the Indiana Election Division, and ANGELA ) | |
| NUSSMEYER, in her official capacity as Co- ) | |
| Director of the Indiana Election Division, ) | |
| ) | |
| Defendants. ) | |

**ENTRY DENYING DEFENDANTS' MOTION FOR STAY
OF DISTRICT COURT PROCEEDINGS AND DISCOVERY**

This matter is before the Court on Defendants Connie Lawson's, J. Bradley King's, and Angela Nussmeyer's (collectively the "Defendants") Motion for Stay of District Court Proceedings and Discovery, ([Filing No. 114](Filing No. 114)), while the case is on interlocutory appeal to the United States Court of Appeals, Seventh Circuit. For the reasons stated below the Court **denies** the motion to stay.

**I.    BACKGROUND**

Plaintiff Common Cause Indiana ("Common Cause") filed this lawsuit on October 27, 2017, seeking declaratory and injunctive relief, requesting the Court declare that Indiana Code § 3-7-38.2-5(d)–(e) violates the National Voter Registration Act ("NVRA") and enjoining Indiana from implementing and enforcing the amended statute ([Filing No. 1](Filing No. 1)). Indiana Senate Enrolled Act 442 (2017) ("SEA 442"), codified at Indiana Code § 3-7-38.2-5(d)–(e), amends Indiana's voter registration laws. The NVRA established procedural safeguards to protect eligible voters against

disenfranchisement and to direct states to maintain accurate voter registration rolls.  The NVRA places specific requirements on the states to ensure that these goals were met.  Common Cause argued that SEA 442 violates the NVRA by circumventing its procedural safeguards—the notice-and-waiting period requirement, as well as the requirement that a state's list maintenance system be uniform and nondiscriminatory.  After this lawsuit was initiated, the Indiana General Assembly enacted House Enrolled Act 1253 ("HEA 1253"), which went into effect on March 15, 2018.  HEA 1253 added "confidence factors" to Indiana Code § 3-7-38.2-5(d), thereby codifying the Election Division's policy of providing to the county officials only those registrations that meet certain match criteria.

This Court found a likelihood of success on Common Cause's argument that Indiana's participation in the Interstate Voter Registration Crosscheck Program ("Crosscheck"), as codified in Ind. Code § 3-7-38.2-5(d), as a method for identifying voters who may have become ineligible to vote in Indiana because of a change in residence, would disenfranchise certain voters.  On June 8, 2018, pursuant to Federal Rule of Civil Procedure 65(d), the Court issued a preliminary injunction prohibiting the Defendants from taking any actions to implement SEA 442 until this case has been finally resolved.  A similar ruling was issued in related case *Indiana State Conference of the National Association of Colored People, et. al., vs. Connie Lawson, et. al.*, 1:17-cv-2897-TWP-MPB.  On July 9, 2018 Defendants filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit from the Judgment entered in this action on the 8th day of June, 2018. ([Filing No. 1](#)05.)  Defendants seek a stay of all district court proceedings, including discovery.

## I. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). An appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision. This is so for appeals concerning preliminary injunction. *Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006).

In considering a stay request, the court should consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.* 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). Moreover, "[c]ourts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, No. 1:14-CV-01589, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (quoting *New England Carpenters Health & Welfare Fund v. Abbott Labs*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013).

## II. DISCUSSION

Defendants request that discovery be stayed while the case is on appeal to the Seventh Circuit asserting that "undertaking discovery during that time would be a waste of time for the parties and, in all likelihood, for the Court as well." ([Filing No. 114 at 1](#).) Defendants contend that since the state is not presently undertaking any Crosscheck activity, either because of the injunction or because Crosscheck is not accepting submission of data, Common Cause's discovery efforts would be "mining for stale, irrelevant information [that] would needlessly disrupt and burden the Election Division while the Division prepares for the midterm elections." ([Filing No.

114 at 3.) Defendants also contend a stay will simplify the issues in question and streamline the case in that the Seventh Circuit will determine whether Common Cause has standing to proceed and whether a likelihood of success on the merits exists. Finally, they argue a stay will reduce the burden of litigation on the parties and the Court because Common Cause's discovery "would be about the way Crosscheck worked under a statute that is not at issue in the case." *Id*. at 5. In particular, Defendants argue that if Common Cause seeks discovery about the way things worked under SEA 442 (as amended by HEA 1253), that discovery request would not be relevant and would result in discovery disputes to be resolved by the Magistrate Judge.

Common Cause opposes a stay and argues that initiating discovery now is critical to ensuring a timely resolution of its claims. Common Cause contends that a stay would make it all but impossible to reach a final judgment on the merits of this case in time to ensure proper list maintenance before the 2020 presidential election. (Filing No. 115 at 1.) Common Cause asserts that a stay would decrease efficiency and increase inevitable discovery burdens on the parties and the Court by wasting critical months and risking the loss of critical evidence due to faded memories and government employee turnover. Moreover, "a delay would substantially prejudice [it] and unnecessarily delay final resolution of Defendants' obligations under the National Voter Registration Act … to the detriment of all parties and Indiana voters". *Id*.

In its Reply brief, Defendants refute Common Cause's timeline and their need to have this case resolved before the 2020 election. Defendants argue that the "invented and unexplained importance of 2020, … remains unclear", (Filing No. 116 at 3), and Common Cause will not be unduly prejudiced or tactically disadvantaged by a stay.

A party has no right to a stay, and the party seeking a stay bears the burden of proving that the court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009). Defendants have not carried this burden.

Regardless of the outcome of Defendants' interlocutory appeal, significant discovery in this case is unavoidable. Plaintiff's desire to have this case resolved by the November 2020 election is not unreasonable, given their assertion that a determination of whether the state's list maintenance and compliance with the NVRA is important for Indiana voters. Common Cause also asserts possible prejudice based on both the risk of the loss of critical evidence due to witnesses' loss of recollection and considering the rate of turnover of government employees. As supported by their exhibits, memories do fade. *See* [Filing No. 115-1](), 115-2 and 115-3. The concerns listed by Common Cause are not insubstantial concerns and they are more than sufficient to counter Defendants' arguments about the hardship it would encounter if not allowed to continue litigating this action.

The Court also finds that a stay is not likely to simplify this case. Defendant's appeal is of a preliminary ruling, so even if the Court of Appeals were to reverse granting of the preliminary injunction, that ruling would be unlikely to narrow the case or change the scope of discovery required to resolve the case.

As to the final argument, while the Court appreciates Defendant's interest in reducing the burden of this litigation on the Court, the interests of efficiency and economy in litigation are, in the Court's view, best served by moving cases along. This Court has the duty to "secure the just, speedy, and inexpensive determination of every action and proceeding," *see* Fed. R. Civ. P. 1. Defendants have not made a compelling case that staying the case would serve that purpose.

Accordingly, the Court will not stay the proceeding while Defendants' interlocutory appeal is pending. To avoid disruption and overburdening the Election Division while the Division prepares for the midterm elections, the parties should confer—and if necessary consult with the Magistrate Judge—regarding conducting discovery in such a way as to maximize efficiency. District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). In addition, the court may, "for good cause," limit the scope of discovery to "protect a party from … undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Friends of the Parks v. Chi. Park Dist.*, No. 14-cv-9096, 2015 WL 4111312, at *1 (N.D. Ill. Jul. 6, 2015).

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's Motion to Stay of District Court Proceedings and Discovery, ([Filing No. 114](#)), while the case is on interlocutory appeal of the preliminary injunction order, presently before the United States Court of Appeals, Seventh Circuit.

**SO ORDERED.**

Date: 10/5/2018

*(signature)*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Chiraag Bains
DEMOS
cbains@demos.org

Matthew Richard Elliott
OFFICE OF THE INDIANA ATTORNEY GENERAL
Matthew.Elliott@atg.in.gov

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

Todd I. Glass
FINE & HATFIELD
tig@fine-hatfield.com

John Henry Goth
FINE & HATFIELD
JHG@fine-hatfield.com

William R. Groth
FILLENWARTH DENNERLINE GROTH & TOWE LLP
wgroth@fdgtlaborlaw.com

Dale E. Ho
AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC.
dale.ho@aclu.org

Matthew Jedreski
DAVIS WRIGHT TREMAINE LLP
mjedreski@dwt.com

Kate Kennedy
DAVIS WRIGHT TREMAINE LLP
katekennedy@dwt.com

Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC.
slakin@aclu.org

Jan P. Mensz
ACLU OF INDIANA
jmensz@aclu-in.org

Diana Lynn Moers Davis
INDIANA ATTORNEY GENERAL
diana.moers@atg.in.gov

Stuart C. Naifeh
DEMOS
snaifeh@demos.org

Kaylan L Phillips
PUBLIC INTEREST LEGAL FOUNDATION
kphillips@publicinterestlegal.org

Aleksandrina Penkova Pratt
INDIANA ATTORNEY GENERAL
aleksandrina.pratt@atg.in.gov

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Christine A. Roussell
DAVIS WRIGHT TREMAINE LLP
christianeroussell@dwt.com

Kelly Suzanne Thompson
INDIANA ATTORNEY GENERAL
kelly.thompson@atg.in.gov

L. Danielle Toaltoan
DAVIS WRIGHT TREMAINE LLP
danielletoaltoan@dwt.com

Joseph A. Vanderhulst
PUBLIC INTEREST LEGAL FOUNDATION
jvanderhulst@publicinterestlegal.org