UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| INDIANA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP) and LEAGUE OF WOMEN VOTERS OF INDIANA,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>CONNIE LAWSON, in her official capacity as the Indiana Secretary of State; J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division; ANGELA NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division,<br><br>　　　　　　　　　Defendants. | Docket No. 1:17-cv-02897-TWP-MPB |
| COMMON CAUSE INDIANA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CONNIE LAWSON, in her official capacity as the Indiana Secretary of State; J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division; ANGELA NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division,<br><br>Defendants. | Docket No. 1:17-cv-03936-TWP-MPB |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, by counsel, and pursuant to Federal Rule 56 respectfully request that this Court enter summary judgment in Plaintiffs' favor and that the Court permanently enjoin Defendants from implementing any voter list maintenance program that permits county voter registration officials to remove, or otherwise removing, any Indiana registrant from the list of eligible voters because of a change in residence absent: (1) a "request" or "confirm[ation] in writing" directly from the voter that the voter is ineligible or does not wish to be registered; or (2) the National Voter Registration Act-prescribed process of (a) notifying the voter, (b) giving the voter an opportunity to respond, and (c) then waiting two inactive federal election cycles.

In support of this Motion, Plaintiffs state as follows:

1. The United States Court of Appeals for the Seventh Circuit affirmed this Court's preliminary injunction of Senate Enrolled Act ("SEA") 442, sec. 15, Ind. Code §§ 3-7-38.2-5(d)-(e) (2017), on the basis of its holding that the NVRA "forbids a state from removing a voter from that state's registration list unless: (1) it hears directly from the voter via a 'request' or a 'confirm[ation] in writing' that the voter is ineligible or does not wish to be registered; or (2) the state goes through the statutorily prescribed process of (a) notifying the voter, (b) giving the voter an opportunity to respond, and (c) then waiting *two* inactive election cycles before removing a suspected ineligible voter who never responds to the notice. Both of these avenues focus on direct contact with the voter." *Common Cause Indiana v. Lawson*, 937 F.3d 944, 959 (7th Cir. 2019).

2. This holding is the law of the case.

3. SEA 334, secs. 6-8, Ind. Code §§ 3-7-38.2-5, -5.1, -5.5 (2020), mandates that county voter registration officials "consider" "written notice from another state to an Indiana

county voter registration official" as "confirmation that [an] individual is registered in another jurisdiction and has requested cancellation of the Indiana registration." SEA 334 § 5.5(f)(2).

4. SEA 334 thus permits removal of Indiana voters under the same theory of "indirect contact with the voter" that the Seventh Circuit held unlawful. *Common Cause Ind.*, 937 F.3d at 959.

5. SEA 334 violates the National Voter Registration Act in precisely the same manner as Senate Enrolled Act 442.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter the summary judgment and permanent injunction and request all other proper relief for the reasons set forth heretofore and in the accompanying Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment.

DATED: July 1, 2020

Respectfully submitted,

/s/ *Alexandre J. Tschumi*
Sascha N. Rand
Ellyde R. Thompson
Ellison Ward Merkel
Geneva McDaniel
Alexandre J. Tschumi
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Myrna Pérez
Eliza Sweren-Becker
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310

/s/ *Matthew R. Jedreski*
Matthew R. Jedreski*
Grace Thompson*
DAVIS WRIGHT TREMAINE LLP
1200 Third Avenue, 22nd Floor
Seattle, WA 98101
(206) 622-3150

Sophia Lin Lakin*
Adriel I. Cepeda Derieux*
Dale Ho*
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7836

**[Signature Block Continues on Next Page]**

Trent A. McCain
MCCAIN LAW OFFICES, P.C.
363 S. Lake St., Suite 2
Gary, IN 46403
(219) 884-0696

*Counsel for Plaintiffs Indiana State Conference of the National Association for the Advancement of Colored People (NAACP) and League of Women Voters of Indiana*

Stuart C. Naifeh *
Kathryn C. Sadasivan*
DEMOS
80 Broad Street, 4th Floor
New York, NY 10004
(212) 485-6055

Chiraag Bains*
DEMOS
740 6th St., NW, 2nd Floor
Washington, DC 20001
(202) 864-2746

Gavin M. Rose, No. 26565-53
Stevie J. Pactor, No. 35657-49
ACLU OF INDIANA
1031 E. Washington Street
Indianapolis, IN 46202
(317) 635-4059

William R. Groth, No. 7325-49
FILLENWARTH DENNERLINE GROTH & TROWE LLP
429 E. Vermont Street, Suite 200
Indianapolis, IN 46202
(317) 353-9363

*Counsel for Plaintiff Common Cause Indiana*

*Admitted *pro hac vice*

# CERTIFICATE OF SERVICE

I, Matthew R. Jedreski, an attorney, certify that on July 1, 2020, I caused a true and correct copy of the foregoing motion (and accompanying memorandum of law, declarations, and exhibits) to be served on counsel for Defendants.

                                                       */s/ Matthew R. Jedreski*
                                                       Matthew R. Jedreski