UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| INDIANA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP) and LEAGUE OF WOMEN VOTERS OF INDIANA,<br><br>              Plaintiffs,<br><br>   v.<br><br>CONNIE LAWSON, in her official capacity as the Indiana Secretary of State; J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division; ANGELA NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division,<br><br>              Defendants. | Docket No. 1:17-cv-02897-TWP-MPB |
| COMMON CAUSE INDIANA,<br><br>Plaintiff,<br><br>   v.<br><br>CONNIE LAWSON, in her official capacity as the Indiana Secretary of State; J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division; ANGELA NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division,<br><br>Defendants. | Docket No. 1:17-cv-03936-TWP-MPB |

**PLAINTIFFS' STATEMENT OF POSITION AFTER REMAND**

## SUMMARY OF CASE STATUS

Plaintiffs in these related actions jointly submit this statement of position pursuant to Local Rule 16-2 following remand by the Seventh Circuit.

On August 20, 2020, this Court issued an order granting Plaintiffs' motion for summary judgment and issuing a permanent injunction that prohibited Defendants

> from implementing [Ind. Code § 3-7-38.2-]5.5(d)–(f) and from otherwise removing any Indiana registrant from the list of eligible voters because of a change in residence absent: (1) a request or confirmation in writing directly from the voter that the voter is ineligible or does not wish to be registered; or (2) the NVRA-prescribed process of (a) notifying the voter, (b) giving the voter an opportunity to respond, and then (c) waiting two inactive federal election cycles.

*NAACP* Dkt. 159 at 25; *CC* Dkt. 199 at 25. Defendants appealed.

On July 19, 2021, the Seventh Circuit issued an opinion affirming summary judgment, and materially affirming the injunction. Specifically, the Court of Appeals affirmed this Court's injunction insofar as it prevents Indiana from "impermissibly . . . cancel[ing] a voter's registration without either direct communication from [a] voter or compliance with the NVRA's notice-and-waiting procedures." *League of Women Voters of Indiana, Inc. v. Sullivan*, 5 F.4th 714, 724 (7th Cir. 2021). It "conclude[d] that the [Plaintiffs] [] met their burden of showing that subsection (f)(2) conflicts with, and is thus preempted by, the federal NVRA." *Id.* at 730.

Speaking to "the question of relief," *id.*, the Court of Appeals vacated the injunction, in part, on two grounds:

1. It was overly broad because it enjoined enforcement of subsections (d) and (e) of Ind. Code § 3-7-38.2-5.5, which "merely restate the NVRA's procedures for removing a registrant from a state's voter list: they provide that a county official may remove a voter from Indiana's voter roll only if the official determines that the

      registrant authorized cancellation of his or her registration; if not, then the official must send notice to the registrant." *Id.* at 731.

2. It was impermissibly vague because "the word 'directly,' as used in the district court's injunction, does not clarify whether Indiana may cancel a voter's registration based solely on a voter's personal authorization of cancellation in Indiana that is first given to another state and then forwarded to Indiana by that state." *Id*. The Court of Appeals found "nothing in the NVRA that would prohibit [this] method of passing along the voter's choice to Indiana." *Id*. at 732.

The Seventh Circuit remanded for this Court to adjust the permanent injunction accordingly, issuing its mandate on August 10, 2021.

## PLAINTIFFS' POSITION

With modest changes to the original injunction, the Court can issue a new permanent injunction that fulfills the mandate issued by the Seventh Circuit.

*First*, the Court can remove the prohibition against implementing subsections (d) and (e) and limiting it to subsection (f). *Id.* at 731 ("Given the interrelatedness of the various components of subsection (f), we find that the district court acted within its discretion when it enjoined enforcement of the entire subsection and not just subsection (f)(2)."). In other words, the injunction should prohibit Defendants from implementing Ind. Code § 3-7-38.2-5.5(f).

*Second*, the Court can define what it means to receive a request or confirmation "directly," and clarify that the injunction does not prohibit Indiana from cancelling a voter's registration if it receives a personal authorization of cancellation *generated* by the voter, even if that authorization is sent to Indiana by another state.

3

## **PROPOSED REVISED INJUNCTION**

Plaintiffs propose the following language that incorporates the above changes:

The Court **ISSUES A PERMANENT INJUNCTION** prohibiting Defendants from implementing Ind. Code § 3-7-38.2-5.5(f) and from otherwise removing any Indiana registrant from the list of eligible voters because of a change in residence absent: (1) Defendants' possession of a request or confirmation in writing directly from the registrant that the registrant is ineligible or does not wish to be registered; or (2) Defendants following the NVRA-prescribed process of (a) notifying the registrant, (b) giving the registrant an opportunity to respond, and then (c) waiting two inactive federal election cycles.

For purposes of this order, a request or confirmation comes "directly from the registrant" if the registrant personally generates the request or confirmation. An Indiana election official is not prohibited from cancelling a voter's registration where the registrant's personal request or confirmation or a copy thereof is sent to the official by another state or its subdivision. For example, if an Indiana registrant moves to a new state and personally signs a form requesting cancellation of her Indiana registration, which the new state forwards to an Indiana election official, the official may consider this a request or authorization "directly from the registrant." But in all such instances, an Indiana election official must possess a copy of the request or confirmation generated by the registrant.

Defendants shall give notice of the existence and terms of this injunction to Indiana county voter registration officials.

## **CONCLUSION**

Plaintiffs request that the Court enter a revised permanent injunction as set forth above and consistent with the proposed order filed herewith.

/s/ Eliza Sweren-Becker
Eliza Sweren-Becker
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310

Sascha N. Rand
Ellyde R. Thompson
Ellison Ward Merkel
Geneva McDaniel
Alexandre J. Tschumi
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Trent A. McCain
MCCAIN LAW OFFICES, P.C.
363 South Lake Street, Suite 2
Gary, IN 46403
(219) 884-0696

*Counsel for Plaintiffs Indiana State Conference of the National Association for the Advancement of Colored People (NAACP) and League of Women Voters of Indiana*

/s/ Sophia Lin Lakin
Sophia Lin Lakin*
Adriel I. Cepeda Derieux*
Dale Ho*
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7836

Brenda Wright**
DEMOS
80 Broad Street, 4th Floor
New York, NY 10004
(212) 633-1405

Matthew R. Jedreski*
Grace Thompson*
Kate Kennedy*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104
(206) 622-3150

Gavin M. Rose, No. 26565-53
Stevie J. Pactor, No. 35657-49
ACLU OF INDIANA
1031 E. Washington Street
Indianapolis, IN 46202
(317) 635-4059

William R. Groth, No. 7325-49
VLINK LAW FIRM, LLC
429 N. Pennsylvania St., Ste. 411
Indianapolis, IN 46204

*Counsel for Plaintiff Common Cause Indiana*

\* Admitted *Pro hac vice*
\*\* Application for admission *pro hac vice* forthcoming

.